UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:88cr66

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **CHARLES W. McHAN,** ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Amend/Correct Judgment (Document #2), filed March 16, 2009, the Government's Response (Document #4), filed April 23, 2009, and Defendant's Reply to Response (Document #5), filed May 1, 2009. This matter is now ripe for disposition.

Defendant was indicted on May 27, 1988 pursuant to 21 U.S.C. 846 for conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana. Defendant subsequently pled guilty to the charge contained in the Bill of Indictment on September 20, 1988. On March 15, 1989, judgment was entered against the Defendant, and he was sentenced to fifty-two months imprisonment, five years of supervised release, a $50 assessment, a $100,000 fine, and the costs of incarceration. Both the Defendant and the Government appealed the sentence, and the Fourth Circuit found error in the court's departure beneath the guidelines and vacated the original sentence. United States v. McHan, 920 F.2d 244 (4th Cir. 1990). A new criminal judgment was entered on April 5, 1991, and Defendant was resentenced to sixty-three months imprisonment, a $50 assessment, a $100,000 fine, and the costs of incarceration.

At the time of Defendant's sentencing, 18 U.S.C. § 3613(b)(1) provided that "[a] lien

1

becomes unenforceable and liability to pay a fine expires -- twenty years after the entry of the judgment." Although the statute was later amended so that liability to pay a fine now terminates "the later of 20 years from the entry of judgment or 20 years after release from imprisonment of the person fined," application of this amendment was not made retroactive. As a result, Defendant's liability to pay the fine in this case expires twenty years from the entry of judgment. Although twenty years have now elapsed since the entry of the original judgment, that judgment was vacated by the Fourth Circuit. The relevant judgment is therefore the criminal judgment entered on April 5, 1991.[*] Because twenty years have not passed since the imposition of judgment in this case, Defendant is not yet entitled to his requested relief.

**WHEREFORE**, for the foregoing reasons, Defendant's Motion to Amend/Correct Judgment is **DENIED**.

Signed: May 8, 2009

Richard L. Voorhees
United States District Judge

---

[*]Although Defendant argues that the portion of the original judgment concerning the fine was not appealed and so was not vacated, the Fourth Circuit vacated the entire sentence on appeal. Defendant's fine was then reinstated by the court's judgment of April 5, 1991.